IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 4:14CR97 |
| | § | |
| CORY EVANS (1) | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

On June 29, 2015, the Court held a hearing on Defendant's Motion to Withdraw Guilty Plea (Dkt. 95), the matter having been referred to the undersigned by the Honorable Marcia A. Crone (*see* Dkt. 96).

To determine whether a defendant may withdraw a plea of guilty prior to sentencing, this Court must look at the following factors: (1) whether the defendant has asserted his innocence; (2) whether the government would suffer prejudice if the withdrawal motion were granted; (3) whether the defendant has delayed in filing his withdrawal motion; (4) whether the withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available; (6) whether the original plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources. *U.S. v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984). After hearing the evidence presented and the arguments of counsel and reviewing the record before it, the Court finds that the *Carr* factors do not weigh in Defendant's favor.

The grounds for Defendant's request to withdraw his guilty plea are not wholly clear from his written motion, other than to express a clear dissatisfaction with his prior counsel. In his reply

to the motion, however, Defendant argues that he had the option of pleading to the offense of Felon in Possession of Ammunition *or* Conspiracy to Possess with the Intent to Distribute a Mixture or Substance Containing a Detectable Amount of Cocaine Base and that he chose to plead to the conspiracy count due an enhancement possibility under the Armed Career Criminal Act (ACCA). Defendant's reply brief argues that under the June 26, 2015 opinion in *Johnson v. U.S.*, __ S.Ct. __, 2015 WL 2473450, he would no longer be eligible for enhancement under the ACCA and would therefore have faced a maximum sentence of 10 years in prison if he would have chosen to plead to the charge of Felon in Possession of Ammunition.

The Court is not convinced that the Supreme Court's decision is of any import here. First, the holding applies to matters of sentencing, not to the withdrawal of guilty pleas. Moreover, Defendant has not shown how the Supreme Court opinion is to be retroactively applied. The Court also notes that the Supreme Court opinion was issued 21 days *after* Defendant filed his motion to withdraw his guilty plea, making its relevance unclear as to his initial request to withdraw his plea.

The Court is bound by the *Carr* factors and thus proceeds accordingly.

At the hearing, Defendant's counsel argued that the crux of Defendant's motion is that Defendant's plea was not voluntarily made. Defendant called Katrina Evans, Defendant's sister. Evans testified that her brother pleaded guilty because the Government threatened to charge her mother with money laundering if he did not. Evans also testified that Defendant's prior lawyer did not want to take his case to trial. According to Evans, new counsel was retained in February but her brother's prior counsel "gave him the run around" about withdrawing from representation and

withdrawing his guilty plea.

The record does not support Defendant's recent claims that he did not make his plea voluntarily. The Court specifically questioned Defendant under oath at his December 18, 2014 plea hearing regarding any coercion:

**THE COURT**: Okay. Now, you've represented that your plea is freely and voluntarily made, that no one has forced you, threatened you or made any promise to you other than what may be in the plea agreement. Is that true?

**THE DEFENDANT**: Yes, sir.

Dkt. 101 at 6-7.

This Court also warned Defendant of the consequences of pleading guilty at the plea hearing, and Defendant stated at the hearing that he read and understood the plea agreement and was voluntarily entering into it. *Id.* at 2-8. When asked at the plea hearing whether he fully understood the factual basis of his plea, Defendant stated that he did and signed a factual statement to that effect. *Id.* "Reviewing courts give great weight to the defendant's statements at the plea colloquy." *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002). Defendant was also cautioned at the plea hearing that the District Court is not bound by the sentencing guidelines or the stipulations of the parties as to the offense levels. Dkt. 101 at 5-6

The Court also notes that, in addition to the oral plea colloquy, Defendant also signed a "Consent to Administration of Guilty Plea and Fed. R. Crim. P. 11 Allocution by United States Magistrate Judge" in conjunction with his guilty plea, stating that he was making the plea of his own free will and was not forced to plead guilty. *See* Dkt. 61. Defendant simply has not shown that the

3

original plea was not knowingly and voluntarily entered into, as required by *Carr*.

The remaining *Carr* factors also weigh against Defendant. Although Defendant argues that he previously pleaded not guilty at his arraignment and that he declined to proceed with his guilty plea at its initial setting, the Court finds that this is not sufficient to constitute an assertion that Defendant is actually innocent of a drug distribution conspiracy. The Court further notes that Defendant signed the consent form specifically stating that he was guilty of the offense charged. *See* Dkt. 61. Defendant has not asserted any innocence as to his involvement in the drug-related conspiracy, and this factor weighs against him.

Further, the Court finds that the Government would suffer prejudice if the motion to withdraw were granted. The Government claims that agents quit listening to jail calls and otherwise investigating the case against Defendant once he decided to plead guilty. The Government further asserts that to prepare for a trial now would be burdensome and costly.

The Court notes that Defendant was removed from the trial docket based on his plea of guilty and a pre-sentence report was prepared and issued. For these reasons, the Court finds that the withdrawal would also substantially inconvenience the court and would waste judicial resources.

As to his representation, Defendant now complains that he was not satisfied with his prior counsel. Defendant claims that he told his prior counsel of his desire to withdraw his plea within a month of making it but that counsel did not file the motion as directed.[1] Defendant stated under

---

[1] Defendant claims that his new counsel filed the motion to withdraw the guilty plea within days of substituting in and that any delay is the fault of his prior counsel with whom he was dissatisfied. Given this assertion, the Court declines to find that his almost six month delay in seeking to withdraw his plea weighs against him.

oath at the plea hearing that he was satisfied with his prior counsel's representation. Dkt. 101 at 3. The Government claims that recorded jail calls indicated Defendant's dissatisfaction with his prior counsel only *after* Defendant's pre-sentence report was issued. Although the Court permitted his prior counsel to withdraw, the Court finds nothing to indicate that Defendant has not had close and effective assistance of counsel throughout the pendency of this suit.

Because the plea cannot be withdrawn based on the *Carr* factors, Defendant should not be permitted to withdraw his plea of guilty in this case. His motion should be denied in its entirety.

## RECOMMENDATION

The Court recommends that the District Court **DENY** Defendant's Motion to Withdraw Guilty Plea (Dkt. 95).

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within the time period set forth above shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 30th day of June, 2015.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE