**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | Case No. 4:14-CR-97 ALM/KPJ |
| **COREY EVANS (1),** | § § | |
| **Defendant.** | § § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Defendant Corey Evans' ("Evans") Motion for New Trial (the "Motion") (Dkt. 157). The Government filed a Response (Dkt. 162), Evans filed a Reply (Dkt. 160), the Government filed a Sur-reply (Dkt. 167), and Evans filed a Reply to the Government's Sur-reply (Dkt. 169). As set forth below, the Court finds that the Motion should be **DENIED**.

### I.  LEGAL STANDARD

Federal Rule of Criminal Procedure 33 provides a mechanism for a defendant to request a new trial "if the interest of justice so requires." FED. R. CIV. P. 33. A Rule 33 motion may be made either: (1) upon the discovery of newly discovered evidence within three years after the verdict or finding of guilty, or (2) within fourteen days after the verdict or finding of guilty on any other grounds. FED. R. CIV. P. 33(b)(1–2). "[The Fifth Circuit has] generally held that the trial court should not grant a motion for new trial unless there would be a miscarriage of justice or the weight of evidence preponderates against the *verdict*." *United States v. Mendoza*, 685 F. App'x 345, 350 (5th Cir. 2017) (emphasis added) (citing *United States v. O'Keefe*, 128 F.3d 885, 898 (5th Cir.

1997)). The focus of the inquiry under a Rule 33 motion is on the events surrounding a defendant's trial.[1]

Rule 33 relief is not available when a defendant pleads guilty. *Ciampa v. United States*, 2018 WL 6584479, at *6 (E.D. N.C. Dec. 14, 2018); *United States v. Bravo*, 2018 WL 6106986, at *1 (D. Mass. Nov. 21, 2018) ("[T]here cannot be a new trial because there was never an initial trial in the first place. [The defendants] pled guilty."); *United States v. Kapahu*, 2017 WL 2524838, at *3 (D. Haw. June 9, 2017) (noting that a defendant's remedy, if any, is a motion under 28 U.S.C. § 2255 and that Rule 33 does not apply where "no trial has occurred"); *see also United States v. Prince*, 533 F.2d 205, 208 (5th Cir. 1976) (holding that defendants who pled nolo contendere waived their right to trial and noting "the validity of a guilty plea is not properly tested by a motion for a new trial") (citing *Williams v. United States*, 290 F.2d 217 (5th Cir. 1961)). "By its express terms, Rule 33 is confined to those situations in which a trial has been had." *United States v. Strom*, 611 F. App'x 148, 149 (4th Cir. 2015) (citation omitted) (quoting *United States v. Graciani*, 61 F.3d 70, 78 (1st Cir. 1995)).

## II. ANALYSIS

Evans pled guilty on December 18, 2014. *See* Dkts. 60, 61, 62, 63. The Motion was filed on July 22, 2018, roughly three and a half years later. *See* Dkt. 157. Evans' Motion for New Trial

---

[1] Courts should evaluate the fairness of a defendant's first trial in determining whether the interest of justice requires a new trial. *See United States v. Wall*, 389 F.3d 457, 466 (5th Cir. 2004) (citing *United States v. McBride*, 862 F.2d 1316, 1319 (8th Cir. 1988)). For example, a defendant moving for a new trial on newly discovered evidence must prove "(1) that the evidence is newly discovered and was unknown to him at the time of *trial*; (2) that the failure to discover the evidence was not due to his lack of diligence; (3) that the evidence is not merely cumulative, but is material; and (4) that the evidence would produce an acquittal." *United States v. Lucas*, 849 F.3d 638, 643–44 (5th Cir. 2017) (emphasis added) (citing *United States v. Gresham*, 118 F.3d 258, 267 (5th Cir. 1997)). Likewise, in reviewing a motion for new trial under "other grounds," Rule 33(b)(2), the Fifth Circuit reviewed an ineffective assistance of counsel claim regarding the effect counsel had on the defendant's trial. *See United States v. Cobas*, 415 F. App'x 555, 557 (5th Cir. 2011).

(Dkt. 157) should be denied because: (1) it is untimely as it was filed more than fourteen days after a finding of guilt; and (2) Evans is ineligible for this form of relief because he pled guilty.

Evans' Motion for New Trial is founded on the "Other Grounds" prong of Rule 33. *See* Dkt. 157 (describing ineffective assistance of counsel and errors by the Court). "The acceptance of a guilty plea is deemed a factual finding that there is an adequate factual basis for the plea." *U.S. v. Osifo*, 33 F.3d 1379 (5th Cir. 1994) (citing *U.S. v. Davila*, 698 F.2d 715, 719 (5th Cir. 1983)). Thus, Evans' Motion must be filed within fourteen days of a finding of guilt to be timely. Because Evans did not file the Motion for more than three years after his finding of guilt, the Motion is untimely. Moreover, Evans is ineligible to file a Motion for New Trial under Rule 33 because he pled guilty. *See Strom*, 611 F. App'x at 149; *Graciani*, 61 F.3d at 78.

For these reasons, the Court recommends that Defendant's Motion for New Trial (Dkt. 157) be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(c).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C.A. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79

F.3d 1415, 1417 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 18th day of December, 2018.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE