| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| *versus* | § | ACTION NO. 4:14-CR-97 |
| | § | |
| COREY EVANS (1) | § | |
| | § | |

# MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On December 18, 2018, the report of the Magistrate Judge (the "Report") (Dkt. 170) was entered, containing proposed findings of fact and recommendations that Defendant Corey Evans' ("Defendant") Motion for New Trial (the "Motion") (Dkt. 157) be denied. *See* Dkt. 170.

Defendant filed objections to the Report (the "Objections") (Dkt. 171) with respect to the Magistrate Judge's recommendation that Defendant's Motion for New Trial (Dkt. 157) be denied. The court has made a *de novo* review of the objections raised by Plaintiff and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit as to the ultimate findings of the Magistrate Judge. The court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the court.

Motions for new trials pursuant to Federal Rule of Criminal Procedure 33 should not be granted "unless there would be a miscarriage of justice or the weight of evidence preponderates against the verdict." *United States v. Mendoza*, 685 F. App'x 345, 350 (5th

Cir. 2017) (citing *United States v. O'Keefe*, 128 F.3d 885, 898 (5th Cir. 1997)). In determining whether a new trial should be granted, courts look to the effect of the new evidence or ineffective assistance of counsel on the defendant's trial. *See United States v. Lucas*, 849 F.3d 638, 643–44 (5th Cir. 2017); *United States v. Cobas*, 415 F. App'x 555, 557 (5th Cir. 2011).

The validity of a guilty plea is not properly tested by a motion for new trial. *See United States v. Prince*, 533 F.2d 205, 208 (5th Cir. 1976). "By its express terms, Rule 33 is confined to those situations in which a trial has been had." *United States v. Strom*, 611 F. App'x 148, 149 (4th Cir. 2015) (citation omitted) (quoting *United States v. Graciani*, 61 F.3d 70, 78 (1st Cir. 1995)); *see also United States v. Bravo*, 2018 WL 6106986, at *1 (D. Mass. Nov. 21, 2018); *United States v. Kapahu*, 2017 WL 2524838, at *3 (D. Haw. June 9, 2017).

In the Objections, Defendant argues the language of Rule 33 was amended subsequent to the Fifth Circuit's decision in *Prince* and, according to the terms of Rule 33 as amended, an original trial is no longer a predicate for a Rule 33 motion for new trial. *See* Dkt. 171 at 2; Dkt. 169 at 1. However, the 2002 Advisory Committee notes regarding the amendments to Rule 33 state:

> The language of Rule 33 has been amended as part of the general restyling of the Criminal Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only.

Fed. R. Crim. P. 33 advisory committee's note (2002). Thus, any linguistic change to the Rule was not intended to substantively change Defendant's rights. Accordingly, the court finds no error in the Magistrate Judge's determination that Rule 33 is an improper vehicle to challenge a guilty plea.

Based on the foregoing, the court finds no error in the Magistrate Judge's conclusion that Defendant is ineligible to file a Motion for New Trial because he pled guilty. Therefore, Defendant's Objections are **OVERRULED**. Defendant's Motion for New Trial (Dkt. 157) is **DENIED**.

    **IT IS SO ORDERED**.

SIGNED at Beaumont, Texas, this 7th day of January, 2019.

    MARCIA A. CRONE
    UNITED STATES DISTRICT JUDGE