IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. 4:14-CR-97-SDJ-KPJ-1 |
| COREY EVANS (1) | § § § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on January 24, 2024, to determine whether Defendant violated his supervised release. Defendant was represented by Federal Public Defender Brian O'Shea. The Government was represented by Assistant United States Attorney Tracey Batson.

On July 31, 2015, United States District Judge Marcia A. Crone sentenced Defendant to a term of one hundred and eighty (180) months imprisonment, followed by five (5) years of supervised release. *See* Dkt. 198 at 1. On August 24, 2021, Defendant's sentence was amended to one hundred and twenty (120) months imprisonment, followed by five (5) years of supervised release. *See id.* On April 19, 2023, Defendant completed his term of imprisonment and began serving the term of supervision. *See id.*

On May 22, 2023, the U.S. Probation Officer filed the Petition for Warrant or Summons for Offender Under Supervision (the "Petition") (Dkt. 198), alleging Defendant violated four conditions of supervised release. *See id.* at 1–2. The Petition asserts Defendant violated the following conditions of supervision: (1) Defendant must not commit another federal, state, or local

1

crime; (2) Defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon; (3) Defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses him from doing so. If Defendant does not have full-time employment, he must try to find full-time employment, unless the probation officer excuses him from doing so; and (4) Defendant must not communicate or interact with someone he knows is engaged in criminal activity. *Id.*

The Petition asserts Defendant violated the foregoing conditions as follows:

(1–2) On May 10, 2023, Defendant was named as a suspect in an incident report with McKinney, Texas Police Department. The report indicated that Defendant was sitting inside a vehicle in front of a residence in McKinney, Texas, and was observed getting out of the vehicle and walking towards the victim with a firearm in his hands, an "AK" style rifle with a banana clip. Defendant aggressively approached the victims and pointed the gun at them putting them in fear of being killed or seriously hurt. Further investigation resulted in Defendant being charged with (2) Counts of Aggravated Assault with a Deadly Weapon (2nd Degree Felony) in violation of Texas Penal Code § 22.02(a)(2) in the 469th District Court in Collin County, Texas. Defendant was also charged with Deadly Conduct. Defendant was subsequently arrested by the McKinney Police Department on May 17, 2023. As of this writing, Defendant remains in custody subject to two $50,000 bonds and a $25,000 bond. This case remains pending.

(3) Defendant failed to obtain employment since his supervised release began on April 19, 2023, and has not been excused by the probation officer.

(4) On May 10, 2023, the McKinney, Texas Police Department responded to a call located at 703 Bumpas Street, in McKinney, Texas. Upon arrival, police were advised by the victims that Defendant was sitting on the passenger side of a vehicle and exited the vehicle with a firearm in his hands. The driver of the vehicle was later identified as Zachary Allen Brown, who was also identified as having a prior felony criminal record.

On January 24, 2024, the Court conducted a final revocation hearing on the Petition. *See* Minute Entry for January 24, 2024. Defendant entered a plea of true to allegations three and four, consented to revocation of his supervised release, and waived his right to object to the proposed findings and recommendations of the undersigned. *See id.*; Dkt 212. The Government moved to

withdraw allegations one and two, which the Court granted. *See* Minute Entry for January 24, 2024. The Court finds Defendant violated the terms of his supervised release, and thus, his supervised release should be revoked.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the January 24, 2024 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twelve (12) months, ordered to run consecutive to any other term of imprisonment, with eighteen (18) months of supervised release to follow under the previous conditions of supervised release. The Court further recommends Defendant be placed at FCI El Reno in El Reno, Oklahoma, if appropriate.

**So ORDERED and SIGNED this 25th day of January, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE