# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | NO. 4:14-CR-00097-SDJ-AGD |
| § | |
| COREY EVANS (1) § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This report and recommendation addresses a petition for revocation of the defendant's supervised release. Dkt. 218 (sealed).

### PROCEDURAL HISTORY

In August 2015, United States District Judge Marcia A. Crone sentenced defendant Corey Evans to 180 months imprisonment followed by five years of supervised release. Dkt. 126. That term of imprisonment was later reduced to 120 months. Dkt. 196. Evans's term of supervised release began April 19, 2023. Dkt. 198 at 1 (sealed). But it was later revoked, and he was sentenced to a new term of supervised release. Dkts. 214, 215. That term commenced on June 12, 2024. Dkt. 218 at 1 (sealed).

In March 2025, a probation officer petitioned the court for a warrant, alleging that Evans had violated three conditions of his supervised release. *Id.* at 1–2. Two of those allegations were that Evans had violated conditions requiring him to: (a) not commit another federal, state, or local crime; and (b) not unlawfully possess a controlled substance. *Id.* In support of those allegations, the petition asserted that in March 2025, Evans was found to be in possession of, and admitted to the possession of, marijuana. *Id.* at 2. He was later charged with possession of marijuana. *Id.*

A final revocation hearing was held before me on July 1, 2025. Minute Entry for July 1, 2025. After the government moved to dismiss the petition's first allegation, Evans pled true to the two remaining allegations just described. He also consented to revocation of his supervised release and waived his right to object to my proposed findings and recommendations. Dkt. 229. After hearing

argument from counsel and Evans's own statement, the court announced what its recommendation would be.

### RECOMMENDATION

In accordance with the Sentencing Reform Act of 1984, and having considered both parties' arguments, the court recommends that: (1) allegation one in the petition for revocation of Evans's supervised release, Dkt. 218 (sealed), be dismissed; (2) Evans's supervised release be revoked based on allegations two and three in that petition, *id.*; (3) Evans be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 8 months, with 18 months of supervised release to follow, all prior conditions imposed; and (4) Evans be placed at FCI El Reno in El Reno, Oklahoma, if appropriate.

Evans's counsel requested a downward variance, but the court found the requested variance unwarranted after considering the factors in 18 U.S.C. § 3553(a). *See United States v. Jacobs*, 635 F.3d 778, 782 (5th Cir. 2011). Specifically, factor (2)(B) weighs against Evans's request. Evans has a history of noncompliance with the terms of his supervised release. Declining to grant a downward variance will afford adequate deterrence of future violations when Evans is later re-released on conditions.

So **ORDERED** and **SIGNED** this 9th day of July, 2025.

_____
Bill Davis
United States Magistrate Judge